# Exhibit A

Uncertified Duplicate produced 11/13/2024 from USCIS-CMS, A Number 246398491



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**HOUSTON, TEXAS**

In the Matter of: █████████████

## ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the Department of Homeland Security's Motion for

Expedited Dismissal Without Prejudice Consistent with the District Court Order in the *Ms. L v.*

*ICE* Class Action Lawsuit, it is HEREBY ORDERED that the motion be:

___✓___ GRANTED _____ DENIED because:

___✓___ The respondent does not oppose the motion.

_____ A response to the motion has not been filed with the Court.

___✓___ Good cause has been established for the motion.

_____ The Court agrees with the reasons stated in the opposition to the motion.

_____ The motion is untimely per _____.

_____ Other:_____.

Date  Sept. 17, 2018

Chris Brisack
Immigration Judge

---

### CERTIFICATE OF SERVICE

The document was served by:  [ ] Mail  [ ] Personal Service

To:  [ ] Alien  [ ] Alien c/o Custodial Officer  [ ] Alien's Atty/Re  [ ] DHS

Date: 9/17/18  By: Court Staff

# Exhibit B

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
ATLANTA, GEORGIA

IN THE MATTER OF:                          DATE:  May 19, 2004

                                           CASE NO.

RESPONDENT IN REMOVAL PROCEEDINGS          DECISION

Jurisdiction was established in this matter by the filing of the Notice to
Appear issued by the Immigration and Naturalization Service, with the
Executive Office for Immigration Review and by service upon the
respondent.  See 8 C.F.R. sections 3.14(a), 103.5a.

The respondent was provided written notification of the time, date and
location of the respondent's removal hearing.  The respondent was also
provided a written warning that failure to attend this hearing, for other
than exceptional circumstances, would result in the issuance of an order of
removal in the respondent's absence provided that removability was established.
Despite the written notification provided, the respondent failed to appear
at his/her hearing, and no exceptional circumstances were shown for his/her
failure to appear.  This hearing was, therefore, conducted in absentia pursuant
to section 240(b)(5)(A) of the Immigration and Nationality Act.

[ ]  At a prior hearing the respondent admitted the factual allegations
     in the Notice to Appear and conceded removability.  I find
     removability established as charged.

[✓]  The Immigration and Naturalization Service submitted documentary
     evidence relating to the respondent which established the truth
     of the factual allegations contained in the Notice to Appear.  I
     find removability established as charged.

I further find that the respondent's failure to appear and proceed with
any applications for relief from removal constitutes an abandonment
of any pending applications and any applications the respondent may have
been eligible to file.  Those applications are deemed abandoned and
denied for lack of prosecution.  See Matter of Pearson, 13 I&N Dec. 152
(BIA 1969); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R,
20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to GUATEMALA
alternative to N/A                                      on the charge(s)
contained in the Notice to Appear.

                                           G. M. RAST
                                           Immigration Judge

cc:  Assistant District Counsel
     Attorney for Respondent/Respondent                            Z1

MPC

# Exhibit C

IMMIGRATION COURT
3260 NORTH PINAL PARKWAY
FLORENCE, AZ 85132

exhibit _____3_____

In the Matter of:                    Case No: A097-633-435

_____, ___N_____AN aba (trmo) = ▓▓▓▓▓▓▓▓▓,
                                     IN: CREDIBLE FEAR REVIEW PROCEEDINGS
_____
    Respondent

### ORDER OF THE IMMIGRATION JUDGE

On Mar 1, 2018 at 1:00 P.M. a review of the DHS Credible Fear Determination
was held in the matter noted above. Testimony [X] was [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has [X] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [ ] has [X] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.

ORDER:  It is hereby ordered that the decision of the immigration officer is:

[X]  Affirmed, and the case is returned to the DHS for removal of the
     alien. Respondent is afraid of criminal extortionist
     has no connection to a protected group and
     [ ] Vacated. no evidence of persecution or torture
     by government or with its knowledge or acquiescence.
This is a final order.  There is no appeal available.

DONE and ORDERED this ___1___ day of March, 20 18 .

                                    _____
                                    BRUCE A. TAYLOR
                                    Immigration Judge

_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [√] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE:  3-1-18    BY:  COURT STAFF  _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

any appeal from the Immigration Judge decision
must be filed with the U.S. Court of Appeals
for the 9th Circuit within 30 days, which is
on or before April 2, 2018

NUMERO DE PROCESO: 13008-2017-01425

SINDICADO: Individuos Desconocidos

DELITO: Extorsion

OFENDIDO: ███ █ █ ███ ██ ███████

REMITIDO A LA FISCALIA DISTRITAL DEL MINISTERIO PUBLICO DE LA CIUDAD
DE HUEHUETENANGO.
EL: 13-10-2017

BAJO CONOCIMIENTO No. 243-2017

ENTREGADO: Personalmente

███████████████████████████

EXHIBIT 2

MAR 1 - 2018

BRUCE A. TAYLOR
IMMIGRATION JUDGE



**GOBIERNO DE GUATEMALA**
**Ministerio de Gobernación**
**Policía Nacional Civil**



COMISARIA CUARENTA Y TRES
SUB-ESTACION 43-13
VILLA DE CHIANTLA
HUEHUETENANGO

VILLA DE CHIANTLA, 02 DE OCTUBRE DEL AÑO 2,017
DENUNCIA NÚMERO 1307-2,017. AG/BAUDILIO.

SEÑOR:
JUEZ DE PAZ LOCAL
VILLA DE CHIANTLA
HUEHUETENANGO
SU DESPACHO.

Atentamente me dirijo a usted, con la finalidad de informarle que el día de hoy siendo las 10:33 horas, se presentó a esta oficina de atención ciudadana el señor quien dijo llamarse y ser de los datos personales siguientes:

**IDENTIFICACION DE LA PERSONA DENUNCIANTE.**
█████N ████████N ████████A ██████: ████; ████████) de 40 años de edad, soltero, cursó primero de primaria, agricultor, instruido, originario de la aldea Tisil del municipio de San Juan Ixcoy y residente del Cantón Agua Blanca de la aldea Mixlaj de este municipio, hijo de Juan Bautista Reynoso y de Juana Mateo Tercero, identificacado con su DPI 2418 42956 1323, proporcionando voluntariamente su número de Teléfono: 4657-3713.

**IDENTIFICACION DE LA PERSONA DENUNCIADA:**
**DESCONOCIDO.**

**MOTIVO DE LA DENUCIA:** Manifiesta verbalmente la denunciante que el día de ayer a eso de las 08:53 horas, se encontraba en su residencia, a su teléfono celular, número; 4657-3713. Ingresó una llamada telefónica procedente del número 5589-4555, en donde escucho una voz de una persona de sexo masculino, preguntando por (Juanito), por lo que el denunciante consideró entablar la charla, y en eso el sindicado se identificó como sicario y le manifestó que vecinos del compareciente lo han contratado para investigarlo y asesinarlo, pero indicó que compareciente tenía la opción de detener su objetivo cancelando la cantidad de siete mil quetzales (Q.7000.00). Así también más tarde ingresó otra llamada procedente del número de teléfono 4767-8084, con la misma voz de la anterior llamada, preguntando al denunciante que es lo que había pensado sobre las amenazas, ya que si se negaba a entregar el efectivo iban a descuartizar a un integrante de su familia.

Motivo por el cual solicito hacerlo de su conocimiento de su despacho para los efectos correspondientes de ley, quedando prevenido a comparecer a su despacho, para ratificar lo antes expuesto en días y horas hábiles.

DEL SEÑOR JUEZ DE PAZ, DEFERENTEMENTE.

EL AGENTE DE POLICIA NACIONAL CIVIL.

BAUDILIO ELISEO LORENZO ORDÓÑEZ
OFICINISTA ACCIDENTAL SUB-ESTACION 43-1-3.

En el municipio de Chiantla del departamento de Huehuetenango, el día quince de noviembre de 2017, cuando son las 10:30, horas, constituido en Canton Agua Blanca de la aldea Mixlaj del municipio de Chiantla Departamento de Huehuetenango, ante la suscrita Auxiliar comparece una persona de sexo masculino, quién dice estar siendo víctima del delito de Extorsión y al tenor de lo que establece el artículo **217** del Código Procesal Penal se omiten sus datos de identificación personal por motivos de seguridad, quién comparece a **DECLARACIÓN TESTIMONIAL**, por denuncia presentada, con fecha, 02 de octubre de 2017, ante la comisaria cuarenta y tres, sub estación 43-13 de la villa de Chiantla Huehuetenango para lo cual se procede de la siguiente manera: **PRIMERO:** Manifiesta el compareciente: "El día uno de octubre de 2017 aproximadamente a las 08:53 horas cuando me encontraba en mi casa a mi teléfono celular numero 46573713 ingreso una llamada del teléfono numero **55894555** en donde me hablo una persona de sexo masculino y me pregunto si yo era (diciendo mi nombre), le respondí que si, y me empezó a decir que unos vecinos le habían pagado para hacerme daño, pero que si yo le daba Q7,000.00 no me harían daño. Ese mismo día mas tarde me ingresó una llamada a mi numero celular 46573713 del numero 47678084 donde la misma persona de sexo masculino el cual reconocí de la llamada anterior, me dijo que que había pensado". **SEGUNDO:** sigue manifestando el compareciente "Desde el día que me presente a denunciar ya no hemos recibido amenazas o intimidaciones por parte de ninguna persona, ni por ningún medio de comunicación, por lo tanto ya no puedo aportar mas información

que la que ya presente, ademas todo a transcurrido con normalidad, y me cuesta estar pendiente del proceso por cuestión de tiempo y dinero, ya que vive muy lejos de la ciudad", **TERCERO:** Se le explica al compareciente lo referente al ARCHIVO del expediente, manifestando que esta de acuerdo con que se ARCHIVE el expediente, ya que no cuenta con mas medios para aportar aparte de los ya indicados y ademas que todo a transcurrido con normalidad. Se da por finaliza la presente en el mismo lugar y fecha de su inicio, cuando son las 11:10 horas, la cual es leída por la Auxiliar Fiscal al compareciente quien enterado de su contenido, objeto validez y demás efectos legales ratifica y deja la impresión dactilar del dedo pulgar de su mano derecha, por resguardar sus datos de identificación personal. Firmando la Auxiliar Fiscal. Consté.

AGRAVIADO





Licda. Olga Corina Mérida Guzmán
Auxiliar Fiscal
Ministerio Público

de Parte del Alcalde auxiliar,
del canton Aguablanca Mixlaje
chiantla huehuetenungo
le envio la persona qu recivio
llamada de Amenaza de los
Numeros 55 894555 Alas 8:53A
AM dia domingo I de Octubre
del 17.
1el Ortro numer es 47678084
Ala Hora 12:44 P.M de la misma
Fech. Alentamente
Alcalde Auxiliar Eulalio Cano
Fieroga

ALCALDE AUXILIAR
Cantón Agua Blanca Colonia Las Flores
Aldea Mixtaj Chiantla, Huehuetenango

Arimany

# Exhibit D

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
26 FEDERAL PLZ, 12TH FL RM1237
NEW YORK, NY  10278

In the Matter of:                    Case No.: A215-540-299

■ ▬▬▬▬▬▬ , ■ ▬▬▬▬o

RESPONDENT                           IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the
respondent is subject to removal on the charge(s) in the Notice to Appear.
The respondent has made application solely for voluntary departure in lieu
of removal.

It is HEREBY ORDERED that the respondent be GRANTED voluntary departure in
lieu of removal, without expense to the Government on or before  11/16/18
or any extensions as may be granted by the District Director, Immigration and
Naturalization Service, and under whatever conditions the District Director
may direct.

It is FURTHER ORDERED:

[  ]    That the respondent post a voluntary departure bond in the amount
        of _____N/A_____ with the Immigration and Naturalization Service
        on or before _____.

[  ]    That the respondent shall provide the Immigration and Naturalization
        Service travel documentation sufficient to assure lawful entry into
        the country to which the alien is departing within 60 days of this
        order, or within any time extensions that may be granted by the
        Immigration and Naturalization Service.

[ ✓ ]   Other ____Under Safe guards____
        _____

It is FURTHER ORDERED that if any of the above ordered conditions are not met
as required, the above order shall be withdrawn without futher notice or
proceedings and the following shall thereupon become immediately effective:
respondent shall be removed to _Guatemala_ on the charge(s) in the
Notice to Appear.

It is FURTHER ORDERED that if respondent fails to depart as required, the above
order shall be withdrawn without further notice or proceedings and the
following order shall become immediately effective: respondent shall be
removed to _Guatemala_ on the charge(s) in the Notice to Appear.

You have been granted voluntary departure from the United States pursuant to
section 240B of the Immigration and Nationality Act. Remaining in the United
States beyond the authorized date will result in your being found ineligible
for certain forms of relief under the Immigration and Nationality Act
(see Section A. below) for a period of ten (10) years from the date of
scheduled departure.  Your Voluntary departure bond, if any, will also be
breached.  Additionally, if you fail to voluntarily depart the United

States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.


A.   THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BE INELIGIBLE ARE:
      1)   Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
      2)   Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
      3)   Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.


     This written notice was provided to the alien in English. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.


                             RANDA ZAGZOUG
                             Immigration Judge
                             Date: 7/9/18

Appeal: NO APPEAL (A/I/B)
Appeal Due By: N/A

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] Alien's ATT/REP   [ ] INS
DATE: 7/9/18          BY:  COURT STAFF
    Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

---

                                                                 T7

# Exhibit E

Uncertified Duplicate produced 11/13/2024 from USCIS GMS, A Number 215540098

U.S. Department of Homeland Security

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY   Event No: YUS1805000168

File No: ▮▮▮▮▮▮

Date: May 11, 2018

In the Matter of: ▮▮▮▮▮▮▮▮▮▮▮

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1.  You are not a citizen or national of the United States;
2.  You are a native of GUATEMALA and a citizen of GUATEMALA ;
3.  You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; To wit you illegally entered the United States by crossing the international boundary by wading across the Colorado River approximately 14 miles northeast of the San Luis, Arizona Port of Entry.  You were enroute to Newark, New Jersey to reside and seek employment.

THOMAS RISCHE

_____
Border Patrol Agent
Name and title of immigration officer (Print)

_____
Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

THOMAS RISCHE

_____
Border Patrol Agent
Name and title of immigration officer (Print)

_____
Signature of immigration officer

Matthew De La Pena
Acting Patrol Agent In Charge
_____
Name and title of supervisor (Print)

_____
Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on   05/11/2018
                                                                                    (Date)

_____
Signature of immigration officer

Form I-860 (Rev. 08/01/07)